J-S30026-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                          :         PENNSYLVANIA
                                          :
               v.                          :
                                          :
                                          :
RATTANAK M. SARIK                    :
                                          :
            Appellant            :     No. 582 EDA 2022

Appeal from the PCRA Order Entered February 3, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0005041-2014

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                          :         PENNSYLVANIA
                                          :
               v.                          :
                                          :
                                          :
RATTANAK M. SARIK                    :
                                          :
            Appellant            :     No. 583 EDA 2022

Appeal from the PCRA Order Entered February 3, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0005046-2014

BEFORE:   STABILE, J., McCAFFERY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY McCAFFERY, J.:           **FILED MARCH 31, 2023**

      Rattanak M. Sarik (Appellant) appeals from two orders[1] entered in the

Philadelphia  County  Court  of  Common  Pleas,  denying  his  serial  Post-

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] On May 12, 2022, this Court consolidated these appeals *sua sponte*.  Order,
5/12/22.

Conviction Relief Act (PCRA)[2] petition relating to two trial court dockets. On appeal, he asserts both plea counsel and prior PCRA counsel were ineffective for several reasons and challenges the discretionary aspects of his aggregate sentence of 30 to 60 years' incarceration imposed after he pled guilty to third-degree murder[3] and related charges. We affirm.

We glean the underlying facts of this case from the PCRA court opinion:

On March 11, 2014, [Appellant, along with four other men], Tommy and Jerry Savath, Davey Yath and Sambatt Choub, learned that . . . Khoum Roeun [(Victim Roeun)] was headed to their house on Ruscomb Street in the City and County of Philadelphia[. Victim was] looking for [the five men] over a drug deal gone bad.

In the hallway of their house, the five [men] placed an SKS fully automatic assault rifle, a .40 caliber semiautomatic handgun, a nine millimeter semiautomatic handgun and a .45 caliber semi-automatic handgun. The men then all went outside to [wait for Victim Roeun, who] arrived, unarmed[. Victim Roeun exited his vehicle and] began yelling at . . . Savath. The five [men then] grabbed their weapons from inside the hall[way] and commenced firing. [Victim Roeun] died from gunshot wounds, and a passenger in the car, Billy Lang [(Victim Lang)] suffered a gunshot in his leg. SWAT arrived at the scene and arrested [Appellant] and his cohorts.

---

[2] 42 Pa.C.S. §§ 9541-9546.

[3] 18 Pa.C.S. § 2502(c).

PCRA Ct. Op. 3/28/22, at 3. After his arrest, Appellant and the other men[4] were transported to a police station, where Appellant "admit[ted to] firing the SKS assault rifle at" Victim Roeun. N.T., Guilty Plea, 1/12/16, at 10.

At Criminal Docket Number CP-51-CR-0005046-2014 (Docket No. 5046), pertaining to Victim Roeun, Appellant was charged with first-degree murder, conspiracy to commit murder, carrying a firearm without a license, carrying a firearm in public in Philadelphia, possession of an instrument of crime (PIC), and recklessly endangering another person (REAP).[5] At Criminal Docket Number CP-51-CR-0005041-2014 (Docket No. 5041), regarding Victim Lang, Appellant was charged with attempted murder, aggravated assault, simple assault, and conspiracy to commit murder.[6]

On January 12, 2016, Appellant, represented by Jeffrey Azzarano, Esquire (Plea Counsel), entered a negotiated guilty plea. At Docket No. 5041, Appellant pled guilty to attempted murder and conspiracy. At Docket No. 5046, Appellant pled guilty to third degree murder, conspiracy, and PIC. The Commonwealth agreed to recommend a sentence of 30 to 60 years' for the crimes at Docket No. 5046 and *nolle prossed* the remaining charges. There

_____

[4] Appellant's co-conspirators were also charged related to this case. Appellant alleges each of them pled guilty, but received "sentence[s] of 20 to 40 years[' incarceration.]" Appellant's Brief at 13. The co-conspirators' guilty pleas are not included in the certified record. Accordingly, it is unclear if they pled guilty to the same offenses as Appellant.

[5] 18 Pa.C.S. §§ 2502, 903, 6106(a)(1), 6108, 907(a), and 2705, respectively.

[6] 18 Pa.C.S. §§ 901(a), 2702(a), and 2701(a), respectively.

was no sentencing recommendation for Docket No. 5041. *See* Appellant's Written Guilty Plea Colloquy (Docket No. 0541), 1/12/16, at 1; Appellant's Written Guilty Plea Colloquy (Docket No. 0546), 1/12/16, at 1. During Appellant's guilty plea and sentencing hearing, the trial court indicated the parties had agreed upon the proposed sentence. *See* N.T. Guilty Plea at 7 (court stating "[t]he terms of the agreement are going to be 30 to 60 years in a state correctional institution"); N.T., Sentencing Hearing, 1/20/16, at 3-4 (defense counsel asking the court to accept the "negotiated pleas" and court indicating it intended to impose "negotiated sentence").

On January 20, 2016, Appellant was sentenced at Docket No. 5046 to 20 to 40 years' incarceration for third-degree murder, a consecutive term of 10-20 years' incarceration for conspiracy, and a concurrent term of 2 to 4 years' incarceration for PIC. At Docket No. 5041, Appellant was sentenced to 10 to 20 years' incarceration for attempted murder and 10 to 20 years' incarceration for conspiracy. The trial court ordered Appellant's sentences at Docket No. 5041 to each run concurrent to his sentence at Docket No. 5046, for an aggregate term at both dockets of 30 to 60 years' incarceration. N.T., 1/20/16, at 4-5. At the hearing, the trial court asked Appellant if he understood his sentence. Appellant replied, "Yes, sir." *Id.* at 5.

Appellant did not file a direct appeal, but on November 8, 2016, filed a timely *pro se* PCRA petition where he raised claims of ineffectiveness of counsel. In the petition, Appellant requested to withdraw his guilty plea because Plea Counsel did not perform "pre-trial investigation[,]" and counsel's

- 4 -

"errors caused [Appellant to enter] an involuntary and unknowing guilty plea[.]" Appellant's Post-Conviction Relief Act Petition, 11/8/16, at 2, 5. On January 27, 2017, the PCRA court appointed Lauren Baraldi, Esquire (PCRA Counsel), to represent Appellant. Order, 1/30/17. Without amending Appellant's petition, PCRA Counsel filed a petition to withdraw her appearance and a **Turner**/**Finley**[7] letter because Appellant "failed to state a colorable claim for relief under the" PCRA. Petition for Leave to Withdraw as Counsel, 4/27/17, at 2 (unpaginated). On April 28, 2017, the PCRA court issued notice of its intent to dismiss Appellant's PCRA petition pursuant to Pa.R.Crim.P. 907. In this notice, the court also informed Appellant it was "accept[ing]" PCRA Counsel's **Finley** letter. *See* Notice Pursuant to Pennsylvania Rule of Criminal Procedure 907, 4/28/17. On June 6, 2017, the PCRA court dismissed Appellant's first PCRA petition.[8] Appellant did not file an appeal.

On October 30, 2018, Appellant filed an untimely, second *pro se* PCRA petition. He raised the same arguments as in his first petition as well as the following ineffectiveness claims: (1) Plea Counsel did not file post-sentence motions; (2) PCRA Counsel[9] did not raise Plea Counsel's ineffective assistance

---

[7] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1998); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[8] On June 9, 2017, the PCRA court filed an identical order dismissing Appellant's November 8, 2016, petition. Order, 6/9/17.

[9] In Appellant's second PCRA petition, he refers to PCRA Counsel as both PCRA and appellate counsel. **See** Appellant's Second Subsequent Post Conviction Collateral Relief Petition, 10/30/18, at 5-6.

in his prior petition; (3) PCRA Counsel failed "to file a timely docketing statement resulting in the dismissal of [his] direct appeal[;]" and (4) PCRA Counsel did not inform him that his "appeal was dismissed[.]" Appellant's Second Subsequent Post Conviction Collateral Relief Petition, at 5-6. On March 26, 2019, the Commonwealth filed a motion to dismiss Appellant's PCRA petition.

On April 5, 2019, the PCRA court issued notice of its intent to dismiss Appellant's second PCRA petition pursuant to Pa.R.Crim.P. 907, stating his petition was untimely and his claims were without merit. *See* Notice Pursuant to Pennsylvania Rule of Criminal Procedure 907, 4/5/19. Appellant did not file a response. On May 6th, the PCRA court granted the Commonwealth's motion to dismiss, and the following day, entered an order dismissing Appellant's petition. *See* Order, 5/6/19; Order, 5/7/19. Appellant filed a timely notice of appeal, but later failed to file an appellate brief. Consequently, on February 20, 2020, this Court dismissed the appeal. *See* 1652 EDA 2019, Order, 2/20/20.

On July 28, 2021, Appellant filed a *pro se* "Motion for Modification of Sentence *Nunc Pro Tunc*," alleging the trial court abused its discretion when it "relied on the aggravating factors," "but failed to consider any mitigating factors," in imposing an aggregate 30 to 60 year sentence. Appellant's Motion

for Modification of Sentence *Nunc Pro Tunc*, 7/28/21, at 1.[10]  The PCRA court properly treated this motion as Appellant's third PCRA petition.[11]

On November 5, 2021, the PCRA court issued a Rule 907 notice of intent to dismiss Appellant's petition, noting his claims were without merit.  Notice Pursuant to Pennsylvania Rule of Criminal Procedure 907, 11/5/21.  Appellant filed a *pro se* response, wherein he stated: (1) PCRA Counsel was ineffective when she "refused to fix" his first PCRA petition and deemed his arguments meritless; (2) PCRA Counsel should not have filed a petition to withdraw; (3) his second PCRA petition — filed October 30, 2018 — should not have been time barred because the PCRA court "took almost 4 [and one half] years" to

---

[10] The next day, Appellant filed a duplicate of the motion, which the trial court later denied.  **See** Appellant's Motion for Modification of Sentence *Nunc Pro Tunc*, 7/29/21.  We emphasize, however, that Appellant was precluded from filing a post sentence motion *nunc pro tunc* more than 30 days after his sentence was imposed.  **See Commonwealth v. Patterson**, 940 A.2d 493, 498 n.3 (Pa. Super. 2007).

[11] We note Appellant claims the PCRA court "is misinforming" this Court by construing this as his third PCRA petition.  Appellant's Brief at 12.  However, his filing does, in fact, fall under the PCRA.  **See** 42 Pa.C.S. § 9542 (The PCRA "shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies [and] is **not intended** to limit the availability of remedies in the trial court or on direct appeal from the judgment of sentence, **to provide a means for raising issues waived in prior proceedings or to provide relief from collateral consequences of a criminal conviction**.") (emphasis added); **Commonwealth v. Fantauzzi**, 275 A.3d 986, 994-95 (Pa. Super. 2022) ("[T]he PCRA is intended to be the sole means of achieving post-conviction [collateral] relief" and "**regardless of how a petition is titled**, courts are to treat a petition filed after a judgment of sentence becomes final as a PCRA petition if it requests relief contemplated by the PCRA.") (emphasis added), *appeal denied*, 317-318 MAL 2022 (Dec. 6, 2022).

file its Rule 907 notice of dismissal;[12] (4) the sentence imposed by the trial court for his 2016 convictions deviated from the guidelines without sufficient reasons on the record; and (5) Rule 907 "is not adequate to vindicate a petitioner's right to adequate [performance] by PCRA counsel." Appellant's Motion in Response to Criminal Procedure "Rule 907," 1/27/22, at 1-3. The PCRA court dismissed Appellant's petition on February 3, 2022, and these timely appeals followed.[13, 14] Appellant complied with the PCRA court's order

---

[12] Despite Appellant's assertions, the PCRA court did not take over 4 years to address his second *pro se* PCRA petition. Appellant filed his second petition on October 30, 2018. The PCRA court issued a notice of intent to dismiss less than six months later, on April 5, 2019, and then dismissed his petition on May 7th. **See** Notice Pursuant to Pennsylvania Rule of Criminal Procedure 907, 4/5/19; Order, 5/7/19.

[13] An appellant is required to file separate notices of appeal when a single order resolves issues arising on more than one trial court docket. **Commonwealth v. Walker**, 185 A.3d 969, 977 (Pa. 2018), **overruled in part**, **Commonwealth v. Young**, 265 A.3d 462, 477, (Pa. 2021) (reaffirming **Walker**, but holding Pa.R.A.P. 902 permits appellate court in its discretion, to allow correction of the error where appropriate). However, in **Commonwealth v. Johnson**, 236 A.3d 1141 (Pa. Super. 2020) (*en banc*), this Court held that quashal is not necessary when an appellant files multiple notices of appeal listing more than one docket number so long as an appropriate number of notices of appeal were filed. **Id.** at 1148.

Here, the PCRA court dismissed Appellant's petition on February 3, 2022. Appellant filed **two** timely notices of appeal, each listing both trial court docket numbers. Under **Johnson**, Appellant has substantially complied with the requirements of **Walker**. **See Johnson**, 236 A.3d at 1148.

[14] Appellant's notices of appeal did not include the date of the orders from which he appealed. **See** Appellant's Notices of Appeal, 2/22/22. On April 28, 2022, this Court issued rules to show cause at each docket requesting Appellant show cause why his appeals should not be quashed "as having been
*(Footnote Continued Next Page)*

- 8 -

to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), wherein he raised largely the same claims as in his Rule 907 response. *See* Appellant's Statement of Matters Complained of on Appeal, 3/17/22.

Appellant presents the following issue on appeal:

Whether the lower court abused [its] discretion when it failed to consider fully all mitigating factors, as well whether the [trial] court violated [Appellant's] rights of ineffective counsel, sentencing, PCRA and Rule 907. [sic].

Appellant's Brief at 6.

In reviewing an order denying a PCRA petition, our standard of review "is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error." *Commonwealth v. Sandusky*, 203 A.3d 1033, 1043 (Pa. Super. 2019) (citation & quotation marks omitted).

---

taken from purported orders which are not entered upon the appropriate dockets of the lower court." Rules to Show Cause, 4/28/22. On May 6, 2022, Appellant filed a response at Superior Court Docket 583 EDA 2022. Without further explanation, he attached copies of the PCRA court's order dismissing his petition, the court's Rule 1925(b) order, and his notice of appeal. *See* Appellant's Response to Rule to Show Cause, 5/6/22.

From our review of the record, it appears that even though the PCRA court's dismissal order was entered on both trial court dockets, the docket entries do not indicate service of the orders on Appellant as required by the Pennsylvania Rules of Criminal Procedure. *See* Pa.R.Crim.P. 114(C)(2)(c) ("[D]ocket entries **shall** contain . . . the date of service[.]") (emphasis added). This amounts to a breakdown in court procedures. Accordingly, we conclude this contributed to Appellant having failed to include the date of the order dismissing his petition in his notice of appeal. As such, we move forward to address this appeal.

Pursuant to Rule 907, a PCRA court has discretion to dismiss a PCRA petition without a hearing if the court is satisfied that there are no genuine issues concerning any material fact; that the defendant is not entitled to post-conviction collateral relief; and that no legitimate purpose would be served by further proceedings.

*Commonwealth v. Brown*, 161 A.3d 960, 964 (Pa. Super. 2017) (citations omitted).

Here, the PCRA court determined Appellant's petition was untimely filed. Therefore, before reaching the merits of Appellant's claim, we must determine whether this appeal is properly before us.

The timeliness of a PCRA petition is a jurisdictional requisite. [T]he PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of the petition. In other words, Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition. The PCRA requires a petition, including a second or subsequent petition, to be filed within one year of the date the underlying judgment becomes final. A judgment of sentence is final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review.

*Commonwealth v. Ballance*, 203 A.3d 1027, 1031 (Pa. Super. 2019) (citations, quotation marks, & emphasis omitted); *see also* 42 Pa.C.S. § 9545(b)(1), (3).

Appellant did not file a direct appeal, so his judgment of sentence became final on February 19, 2016 — at the expiration of his time to seek review. *See Ballance*, 203 A.3d at 1031; 42 Pa.C.S. § 9545(b)(3). Appellant

then had one year, or until February 21, 2017,[15] to file a timely PCRA petition. **See** 42 Pa.C.S. § 9545(b)(1). He filed the present petition on July 28, 2022 — more than five years later — and as such, it is facially untimely.

The PCRA, however, allows for an appellant to file a petition after this period when they plead and prove one of the following timeliness exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). A petition pleading any of the above exceptions must be filed within one year of the date the claim could have been presented. 42 Pa.C.S. § 9545(b)(2).

In Appellant's present serial PCRA petition and Rule 907 response, he does not allege any exceptions to the PCRA's time bar.[16] **See generally**

_____

[15] The final day Appellant could file a timely petition fell on Sunday, February 19, 2017, and the next day, Monday February 20th, was a legal holiday. Accordingly, Appellant had until Tuesday, February 21st, in which to file a timely petition. **See** 1 Pa.C.S.A. § 1908 (extending the thirty-day deadline to first non-holiday weekday if the final date falls on a weekend or holiday).

[16] Notably, Appellant acknowledges in his brief that his second PCRA petition, filed October 30, 2018, was untimely and that he did "not allege an exception to the time [b]ar." **See** Appellant's Brief at 7.

- 11 -

Appellant's Motion for Modification of Sentence *Nunc Pro Tunc*, 7/28/21; Appellant's Motion in Response to Criminal Procedure "Rule 907;" *see also* PCRA Ct. Op. at 6 (Appellant "makes no attempt to explain why his third petition is timely and as such [the PCRA court] correctly dismissed his third PCRA petition."). We agree with the PCRA court that it did not have jurisdiction to address any of his potential claims. *See* PCRA Ct. Op. at 6. *See also Ballance*, 203 A.3d at 1031; 42 Pa.C.S. § 9545(b)(1)(i)-(iii). As such, we affirm the court's order on this basis.

Moreover, even if Appellant had filed a timely PCRA petition, we would still conclude he is entitled to no relief. Appellant raises two distinct and unrelated arguments in his brief: (1) a challenge to the effectiveness of both Trial and PCRA counsel; and (2) a challenge to the discretionary aspects of his sentence. *See* Appellant's Brief at 6, 12-13.

First, Appellant alleges both Plea Counsel and PCRA Counsel were ineffective. Appellant's Brief at 12-13. Appellant claims that Plea Counsel was ineffective because he: (1) "never went over" Appellant's plea agreement; (2) did not inform Appellant that he was agreeing to a 30 to 60 year sentence — noting "the plea agreement says" the sentence would be "recommended, not given[;]" (3) told Appellant "if [he] did not take [the plea] deal, that [counsel] would help the [Commonwealth] get [him] a death sentence[;]" (4) did not withdraw the guilty plea, despite Appellant's request to do so; and (5) forced Appellant to enter the guilty plea and lie during his colloquy. *Id.* Regarding PCRA Counsel, Appellant claims ineffective assistance because she "refused to

- 12 -

fix" his *pro se* PCRA petition, and instead filed a motion to withdraw as counsel. *Id.* at 8.

Ineffectiveness claims must be presented in a PCRA petition and cannot be raised for the first time on appeal. *See Commonwealth v. Reid*, 99 A.3d 470, 516 (Pa. 2014) (claim not raised in PCRA petition cannot be raised for the first time on appeal, and is "indisputably waived"), *citing Commonwealth v. Santiago*, 855 A.2d 682, 691 (Pa. 2004). Appellant failed to raise any claims pertaining to Plea Counsel's ineffectiveness in his petition or his response to the PCRA court's Rule 907 notice to dismiss. As such, those claims are waived on appeal. *See Reid*, 99 A.3d at 516.

Appellant next raises a claim of ineffectiveness against PCRA Counsel. The Pennsylvania Supreme Court stated in *Commonwealth v. Bradley*, 261 A.3d 381 (Pa. 2021), that a defendant may raise a claim of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal. *See id.* at 405. However, a petitioner is still required to raise any such claim in a timely PCRA petition. *See id* at 403-05 (claims of PCRA counsel's ineffectiveness may be raised at the first opportunity to do so, but such claims "spring from the original [timely] petition itself, and [will] not amount to impermissibly allowing a 'second or subsequent' serial petition"). Accordingly, *Bradley* did not create a right to file a subsequent petition outside of the time constraints of the PCRA. *See id* at 404 n.8 (holding that the "discovery" of PCRA Counsel's ineffective assistance does not amount to a "new fact" that would overcome the PCRA's time bar); *see also id.* at 406 (Dougherty J.,

- 13 -

Concurring) ("Importantly, our decision today does not create an exception to the PCRA's jurisdictional time-bar, such that a petitioner represented by the same counsel in the PCRA court and on PCRA appeal could file an untimely successive PCRA petition challenging initial PCRA counsel's ineffectiveness because it was his 'first opportunity to do so'").

Here, Appellant is challenging the effectiveness of PCRA Counsel — who represented him in April 2017. The purported ineffective assistance occurred four years prior to the filing of his present petition. As Appellant did not raise this claim of PCRA Counsel's ineffectiveness at "the first opportunity" to do so, this claim would be similarly waived. **See** 42 Pa.C.S. § 9545(b)(1)-(2); **Bradley**, 261 A.3d at 405.

Next, Appellant challenges the discretionary aspects of his sentence because he "receive[d a] higher sentence [than his co-conspirators], with no reason as to why" on the record. Appellant's Brief at 13. Preliminarily, we note that "[c]hallenges to the discretionary aspects of sentencing are not cognizable under the PCRA." **Commonwealth v. Fowler**, 930 A.2d 586, 593 (Pa. Super. 2007). However, when a petitioner advances such a claim under the purview of ineffective assistance of counsel, it does fall under the Act's jurisdiction. **See Commonwealth v. Watson**, 835 A.2d 786, 801 (Pa. Super. 2003) ("[A] claim regarding the discretionary aspects of [the defendant's] sentence, raised in the context of an ineffectiveness claim, would be cognizable under the PCRA.") (footnote omitted).

Notably, Appellant has not raised any argument alleging Plea Counsel's failure to preserve any potential challenge to the discretionary aspects of his sentence. Instead, he simply alleges the **trial court** failed to consider relevant factors, despite imposing the sentence he agreed to in his negotiated guilty plea. *See* Appellant's Brief at 4, 6, 9, 13. ***See also*** N.T., 1/20/16, at 4 (trial court asking Appellant if he had any questions before it imposed the "negotiated sentence" and Appellant responding, "No, sir.") As such, we cannot review his discretionary aspects of sentencing claim under the constraints of the PCRA.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/31/2023